UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

JAIRO SMITH,

    Plaintiff,

vs.

SALAZAR INVESTMENTS LLC,
a Florida Limited Liability Company, and
ANDRES F. SALAZAR, Individually

    Defendants

_____/

## COMPLAINT

Plaintiff JAIRO SMITH (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendants SALAZAR INVESTMENTS LLC,, a Florida Limited Liability Company (hereinafter "SALAZAR INVESTMENTS") and ANDRES F. SALAZAR, individually (hereinafter "SALAZAR") (collectively "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Middle District of Florida because Plaintiff was employed in the Middle District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Middle District of Florida, and because

the acts that give rise to Plaintiff's claims occurred within the Middle District of Florida; and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Middle District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. Plaintiff was employed by Defendants from April 01, 2022, until on or about June 12, 2022 as a deliveryman. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. SALAZAR INVESTMENTS is a Florida limited liability company organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. SALAZAR INVESTMENTS has its principal place of business in Winter Park, Florida. SALAZAR INVESTMENTS had, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

7. SALAZAR INVESTMENTS is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, SALAZAR INVESTMENTS has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce including the appliances it sold, delivered, uninstalled, and installed.

9. Specifically, SALAZAR INVESTMENTS is a freight shipping trucking company. SALAZAR INVESTMENTS provides delivery, installation of appliances and other products to its customers.

10. Plaintiff's work for Defendants was in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage. Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff was a deliveryman. As a deliveryman he would deliver the appliances operating a Ford 350 box truck on public highways to customers within the state Florida.

11. SALAZAR INVESTMENTS upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant SALAZAR is the owner of corporate Defendant SALAZAR INVESTMENTS, and exercised operational control over the activities of, corporate Defendant, SALAZAR INVESTMENTS.

13. Defendant SALAZAR, acted directly in the interest of his company, SALAZAR INVESTMENTS. Upon all available information, SALAZAR, controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

14. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

15. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

17. Plaintiff began working for Defendants on or about April 1, 2022 as a deliveryman. His primary duties were driving the delivery truck containing appliances within Florida, install and uninstall appliances, load and unload the truck, and other manual labor.

18. During the course of his employment, Plaintiff regularly worked between 84-90 hours per workweek.

19. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

20. A review of the documents of which Plaintiff has in his current possession, custody, and control reflect that Plaintiff was compensated at a daily rate of $130.00 per day regardless of the hours worked.

21. Furthermore, Defendants routinely made improper deductions for alleged damages from Plaintiff's wages.

22. As a result of these deductions, there were times when Defendants failed to issue payment of the required minimum hourly wage for some of the hours worked by Plaintiff.

23. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

24. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

25. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

26. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### VIOLATION OF FLSA/MINIMUM WAGES against SALAZAR INVESTMENTS

27. Plaintiff re-alleges and reaffirms paragraphs 1 through 26 as fully set forth herein.

28. This action is brought by Plaintiff to recover from Defendant SALAZAR INVESTMENTS unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 206.

29. SALAZAR INVESTMENTS failed to compensate Plaintiff for all hours worked of his employment. SALAZAR INVESTMENTS has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

30. SALAZAR INVESTMENTS knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

31. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

32. By reason of the said intentional, willful and unlawful acts of SALAZAR INVESTMENTS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

33. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

34. SALAZAR INVESTMENTS never posted any notice, as required by the Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

35. As a result, SALAZAR INVESTMENTS' willful violations of the Act, Plaintiff is entitled to liquidated damages.

36. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from SALAZAR INVESTMENTS.

WHEREFORE, Plaintiff respectfully prays for the following relief against SALAZAR INVESTMENTS:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/OVERTIME against SALAZAR INVESTMENTS

37. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

38. This action is brought by Plaintiff to recover from Defendant SALAZAR INVESTMENTS unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207

(a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

39. Since the commencement of Plaintiff's employment SALAZAR INVESTMENTS has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees engaged in commerce working for longer than forty (40) hours without properly compensating them for all hours overtime hours at a rate not less than one- and one-half times their regular rate.

40. Specifically, throughout his employment, Plaintiff regularly worked over forty (40) hours during some of the workweeks in which he was employed.

41. SALAZAR INVESTMENTS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). SALAZAR INVESTMENTS' business activities involve those to which the Fair Labor Standards Act applies.

42. Specifically, SALAZAR INVESTMENTS was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). SALAZAR INVESTMENTS' business activities involve those to which the Fair Labor Standards Act applies.

43. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as transporting goods for commerce, loading and unloading goods, installing and uninstalling goods, disposing of trash, and did not

have decision-making authority. Plaintiff drove the company vehicle, a 2012 Ford 350 Box truck, which upon information and belief weighs under 10,000 pounds, thus qualifying for the small vehicle exception under the FLSA.

44. SALAZAR INVESTMENTS has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

45. By reason of the said intentional, willful, and unlawful acts of SALAZAR INVESTMENTS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

46. Plaintiff seeks to recover for unpaid wages accumulated within his employment.

47. As a result of SALAZAR INVESTMENTS' willful violations of the Act, Plaintiff is entitled to liquidated damages.

48. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from SALAZAR INVESTMENTS.

WHEREFORE, Plaintiff respectfully prays for the following relief against SALAZAR INVESTMENTS:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### VIOLATION OF FLSA/MIMIMUM WAGES against SALAZAR

49. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

50. At the times mentioned, Defendant SALAZAR was, and is now, a corporate manager of corporate Defendant SALAZAR INVESTMENTS.

51. SALAZAR was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly in the interests of Defendant SALAZAR INVESTMENTS in relation to its employees including Plaintiff.

52. Specifically, SALAZAR supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

53. Defendant SALAZAR is the manager, and exercised operational control over the activities of, corporate Defendant SALAZAR INVESTMENTS.

54. SALAZAR had operational control of the business and is thus jointly liable for Plaintiff's damages.

55. Defendant SALAZAR willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant SALAZAR:

A. Adjudge and decree that Defendant SALAZAR has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum

wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FLSA/OVERTIME against SALAZAR

56. Plaintiff, re-alleges and reaffirms paragraphs 1 through 26 as if fully set forth herein.

57. At the times mentioned, Defendant SALAZAR was, and is now, a corporate officer of corporate Defendant, SALAZAR INVESTMENTS.

58. SALAZAR was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that SALAZAR acted directly in the interests of SALAZAR INVESTMENTS in relation to its employees including Plaintiff.

59. Specifically, SALAZAR is the owner of the corporation, and the individual who hired the Plaintiff. SALAZAR supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

60. SALAZAR had operational control of the business and is thus jointly liable for Plaintiff's damages.

61. Defendant SALAZAR willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

62. By reason of the said intentional, willful and unlawful acts of SALAZAR, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

63. As a result of SALAZAR willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant SALAZAR:

A. Adjudge and decree that SALAZAR has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JAIRO SMITH demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: September 7, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com